**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARLA GADEA-HERNANDEZ, | Case No. 5:26-cv-04072-MBK |
| Petitioner, | ORDER GRANTING PETITION AND ISSUING A WRIT OF HABEAS CORPUS |
| v. | |
| MARKWAYNE MULLIN, ET AL., | |
| Respondents. | |

Petitioner Karla Gadea-Hernandez, a native and citizen of Nicaragua, is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Ms. Gadea-Hernandez entered the United States on or around November 8, 2022. She was apprehended by immigration authorities shortly thereafter and later released on conditional parole. Since her release, Ms. Gadea-Hernandez moved to Los Angeles, applied for asylum, and has complied with the conditions of her release.

On July 16, 2026, Ms. Gadea-Herandez reported as required to her scheduled check-in appointment at the Immigration and Customs Enforcement ("ICE") office in Los Angeles. Immigration officers arrested and

detained her. The officers did not explain why Petitioner was being arrested or provide her an opportunity to explain why she should not be detained. The officers transported Petitioner to Adelanto Detention Facility, where she remains today.

Ms. Gadea-Hernandez filed the instant habeas petition on July 21, 2026. She argues that her re-detention and continued confinement violate procedural due process. Among other relief, Petitioner requests the Court order her immediate release subject to the same conditions of supervision previously in place and enjoin Respondents from re-detaining her absent notice, an opportunity to be heard consistent with due process requirements, and demonstration of materially changed circumstances. On July 28, 2026, Respondents filed an Answer acknowledging that Petitioner appears to be a member of the *Bautista v. Santacruz* class. *See Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), (Dkt. 7 at 2), but do not address Petitioner's due process claims in their Answer. Because Respondents do not oppose Petitioner's due process claims, the Court concludes that Petitioner is entitled to release because her re-detention without notice, a pre-deprivation hearing, or a material change in circumstances violated due process.

## I.     FACTS AND PROCEDURAL HISTORY

Petitioner Karla Gadea-Hernandez is a 41-year-old native and citizen of Nicaragua. Dkt. 1 at 10. On or around November 8, 2022, Petitioner entered the United States. *Id.* Soon after her entry, Petitioner was apprehended by immigration authorities and later released on condition parole under 8 U.S.C. § 1226(a). *Id.* She subsequently moved to Los Angeles, California, where she enrolled in the Intensive Supervision Appearance Program ("ISAP"). *Id.* As a

2

condition of her release, Petitioner was required to periodically report to ICE. *Id*. She applied for asylum within the first year of her entry into the United States. *Id*.

During her time in the United States, Petitioner has complied with her supervision requirements, including regular check-ins with ICE. *Id*. Petitioner also has no criminal convictions or arrests during her time in the United States. *Id*.

On July 16, 2026, pursuant to the conditions of her release, Petitioner appeared as instructed for a check-in with ICE. *Id*. Upon her arrival, ICE officers arrested Petitioner and later transferred her to Adelanto Detention Facility. *Id*. at 10. Prior to arresting Petitioner Gadea-Hernandez, immigration officers did not provide her notice that she may be detained, an explanation for her detention, or an opportunity to argue that she should not be detained. *Id*. at 11. Following her arrest, ICE placed Petitioner in removal proceedings and filed a Notice to Appear ("NTA") charging her as removable under 8 U.S.C. § 1182(a)(2)(A)(i). *Id*. at 11.

Petitioner filed the instant habeas petition on July 21, 2026. Dkt. 1. Petitioner argues her re-detention without notice or a hearing violates due process because she was not provided adequate pre-deprivation process and there was no material change in circumstances requiring her detention. *Id*. at 13-26. Petitioner requests that the Court issue an order requiring her immediate release subject to the same conditions of supervision as were in place prior to her re-detention, and to enjoin Respondents from re-detaining Petitioner absent a demonstration of materially changed circumstances, notice, and an opportunity to be heard. *Id*. at 26-27.

Respondents filed an Answer on July 28, 2026. Dkt. 7. Respondents acknowledge that Petitioner appears to be a member of the *Bautista v.*

*Santacruz* class. *See Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Respondents therefore concede that Petitioner is entitled to a bond hearing under Section 1226(a), consistent with the *Bautista* judgment. Dkt. 7 at 2. Respondents' Answer did not address Petitioner Gadea-Hernandez's due process claims.

## II.    DISCUSSION

Petitioner Gadea-Hernandez argues that her re-detention without notice or a pre-deprivation hearing violates procedural due process. Dkt. 1 at 14-18. She also argues that her re-detention violates due process because the Government has not shown any change in circumstances requiring her detention. *Id.* at 20-21. Based on these alleged due process violations, Petitioner requests the Court order her immediate release from custody and prohibit Respondents from re-detaining her absent a pre-deprivation hearing where the Government must show materially changed circumstances warranting her detention. *Id.* at 26-27.

Respondents do not address Petitioner's due process claims in their Answer. The Answer consists of two pages that notifies the Court that Petitioner "appears" to be a *Bautista* class member. Dkt. 7 at 2. The Answer does not acknowledge Petitioner's other claims, or indicate whether Respondents oppose the claims and, if so, on what basis. This is despite the fact that these claims seek Petitioner's immediate release—not a bond hearing.

Respondents' failure to contest Petitioner's claims in their Answer is a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents' failure to address

petitioner's due process claim as a concession of petitioner's argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). *See also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim").

"To the extent that respondents' non-opposition to a bond hearing implies opposition to release, an implication is not an argument." *Luis Alfredo Barajas-Bautista v. Warden, Desert View Annex, et al.*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *1 (C.D. Cal. July 13, 2026); *Chavez Pastore v. Warden of Adelanto ICE Processing Ctr., et al.*, No. 5:26-cv-04002-BFM, 2026 WL 2178765, at *1 (C.D. Cal. July 27, 2026) (granting release where "Petitioner argued for release, Respondents did not respond to that argument—instead, they merely conceded his eligibility for a lesser form of relief that Petitioner

sought in the alternative and registered their opposition to any other form of relief."). Where the "government does not offer any argument on the merits" of the claims in the petition, "it has waived any challenge to the arguments [ ] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017). "The court is 'not a roving commission' charged with making respondents' case for them." *Barajas-Bautista*, 2026 WL 2058433, at *1 (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020)). As such, "respondents have not met their burden 'to show cause why the writ should not be granted.'" *Id.* (quoting 28 U.S.C. § 2243).

This Court has previously found that noncitizens in circumstances comparable to Petitioner were entitled to release because their re-detention without a hearing or a material change in circumstances violated due process. *See, e.g.*, *Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). For the reasons stated in those decisions, the Court finds that Petitioner is entitled to release based on her due process claims.

### III.    CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's re-detention violated due process. Accordingly, the Court ORDERS the following: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Karla Gadea-Hernandez's (A# 246-164-002) immediate release subject to her prior conditions of supervision and prohibiting her re-detention absent pre-deprivation notice and a hearing where the Government must show changed circumstances warranting her

detention; and (3) that Respondents file a status report within seven (7) calendar days from the date of this order confirming Petitioner's release and compliance with this order.


Dated: July 30, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

7